Richard D. Williamson, Esq. (SBN 9932)
Jonathan Joel Tew, Esq. (SBN 11874)
ROBERTSON, JOHNSON, MILLER & WILLIAMSON
50 West Liberty Street, Suite 600
Reno, Nevada 89501
Telephone No.:  (775) 329-5600
Facsimile No.:  (775) 348-8300
Rich@nvlawyers.com
Jon@nvlawyers.com

ROGERS JOSEPH O'DONNELL, PC
Lisa Norrett Himes, Licensed in Washington, D.C.
(*pro hac vice* application submitted)
875 15th Street, N.W.
Suite 725
Washington, D.C.  20005
Telephone No.:  (202) 777-8953
Facsimile No.:   (202) 347-8429
lhimes@rjo.com

*For Plaintiff Timothy L. Blixseth*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY L. BLIXSETH,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendant. | Case No. _____<br><br>**COMPLAINT** |

**COMPLAINT FOR INJUNCTIVE RELIEF**

(Freedom of Information Act)

For his Complaint against the United States Federal Bureau of Investigation ("FBI"), Plaintiff alleges as follows:

1

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to enjoin the FBI from improperly withholding agency records and to order the production of all improperly withheld agency records.

2. The records are responsive to Plaintiff's FOIA Requests submitted to the FBI via facsimile and first class mail on June 26, 2018 and via facsimile and Federal Express on July 23, 2019.

3. The FBI has failed to produce responsive records.

## PARTIES

4. Plaintiff is an individual residing in Nevada.

5. The FBI is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## BACKGROUND

## 2018 FOIA REQUEST

8. On June 26, 2018, Plaintiff submitted a FOIA request to the FBI via facsimile and first class mail. This FOIA request ("2018 Request") seeks records regarding, among other things, Plaintiff and his company from January 1, 2009 through December 31, 2012. A true and correct copy of the 2018 Request is attached as Exhibit 1.

9. In several letters dated July 5, 2018 and July 25, 2018, the FBI acknowledged receipt of the 2018 Request, stating that it received the request and identified it with several FOIA request numbers. With regard to Blixseth Group, Inc., the FBI assigned that search term as Freedom of Information/Privacy Acts ("FOIPA") Request No. 1409744-000. As to TCI and Turks & Caicos, the FBI assigned those search terms as Request Nos. NFP-99626 and 1409732-000, respectively, and stated that it needed more specific information. As to Tim Blixseth, the FBI assigned that search term as FOIPA Request No. 1409729-000 and stated that it needed an "Authorization to Release Information to Another Person." A true and correct copy of the July 5, 2018 and July 25, 2018 response letters are attached as Exhibit 2.

10. On August 2, 2018, Plaintiff responded to the July 5, 2018 letters with the completed authorization form and addressed the TCI and Turks & Caicos issue. A true and correct copy of the August 2, 2018 letter with attachment is attached as Exhibit 3.

11. Plaintiff received a letter dated August 9, 2018, stating that FOIPA Request No. 1409729 was being closed administratively and the responsive material would be processed under FOIPA Request No. 1409744-0 as the two requests share the same information. A true and correct copy of the August 9, 2018 letter is attached as Exhibit 4.

12. On November 30, 2020, Plaintiff's counsel sent an email to the Office of Government Information Services ("OGIS") regarding the 2018 Request. Plaintiff's counsel indicated that FOIPA No. 1409744-0 had been pending for almost 2.5 years. Plaintiff's counsel also provided the description from the FBI website, which states: "The FBI's FOIPA Program has identified potential responsive information to your request(s) and awaits assignment to a Government Information Specialist (GIS) for further processing." A true and correct copy of the November 30, 2020 email is attached as Exhibit 5.

13. On December 15, 2020, Plaintiff's counsel sent a follow-up email to OGIS regarding the 2018 Request. A true and correct copy of the December 15, 2020 email is attached as Exhibit 6.

14. On December 23, 2020, Plaintiff's counsel received an email from OGIS, recommending that Plaintiff's counsel contact the FBI directly and providing general phone numbers. A true and correct copy of the December 23, 2020 email is attached as Exhibit 7.

15. In January 2021, Plaintiff's counsel attempted to confer directly with the FOIA Public Liaison, Joseph Bender, regarding the status of the 2018 Request but has been unable to speak with Mr. Bender.

16. A Department of Justice ("DoJ") *Vaughn* index produced to Plaintiff in another FOIA matter shows that responsive FBI records exist during the 2009-2012 time period, including references to FBI agents authoring, receiving, and being copied on numerous documents. A true and correct copy of the *Vaughn* index is attached as Exhibit 8.

17. The FBI has failed to provide any determination in response to Plaintiff's 2018 Request for over 2.5 years. As such, the FBI has without question failed to comply with the time limits prescribed by FOIA.

**2019 FOIA REQUEST**

18. On July 23, 2019, Plaintiff submitted a FOIA request to the FBI via facsimile and Federal Express. This FOIA request ("2019 Request") seeks records regarding, among other things, Plaintiff and his company from January 1, 2013 through the present. A true and correct copy of the 2019 Request is attached as Exhibit 9.

4

19. On July 31, 2019, the FBI acknowledged receipt of the 2019 Request and assigned it FOIPA Nos. 1443229-000 (Timothy Blixseth) and 1443233-000 (Blixseth Group, Inc.). A true and correct copy of the July 31, 2019 letters are attached as Exhibit 10.

20. On August 15, 2019, the FBI issued its final and only substantive response to the 2019 Request. In its response, the FBI stated that it had conducted a search and was unable to locate any responsive records. A true and correct copy of the August 15, 2019 letters are attached as Exhibit 11.

21. On October 8, 2019, Plaintiff appealed the FBI's adverse determination concerning FOIPA Nos. 1443229-000 and 1443233-000. In his appeal letter, Plaintiff explained that the "FBI's search for responsive records was completely inadequate." Specifically, Plaintiff had sent a letter in June 2016 to the then-Director of the FBI, James Comey, via certified mail, which was delivered on June 28, 2016. As such, Plaintiff noted in his appeal letter that "there is no question that responsive records exist." A true and correct copy of the October 8, 2019 appeal letter is attached as Exhibit 12.

22. On November 4, 2020, Matthew Hurd from the Department of Justice's Office of Information Policy ("OIP") responded to Plaintiff's appeal, affirming the FBI's no-record response. The appeal response letter stated that if Plaintiff "is dissatisfied with [the] action on [his] appeal, the FOIA permits [him] to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B)." A true and correct copy of the November 4, 2020 appeal response letter is attached as Exhibit 13.

23. In an effort to avoid litigation, on November 12, 2020, Plaintiff's counsel sent an email to OGIS. In her email, Plaintiff's counsel requested an email address for Matthew Hurd to allow for discussion of the appeal, as the only contact information provided in the appeal

5

response letter was a general voicemail for the entire OIP office. A true and correct copy of the November 12, 2020 email is attached as Exhibit 14.

24. On December 9, 2020, OGIS sent an email to Plaintiff's counsel stating that OGIS contacted OIP and that OIP staff would reach out regarding the appeal. A true and correct copy of the December 9, 2020 email is attached as Exhibit 15.

25. On December 16, 2020, Plaintiff's counsel conferred with Matthew Hurd, and Mr. Hurd referred Plaintiff's counsel to the FOIA Public Liaison, Joseph Bender.

26. Plaintiff's counsel exchanged voicemail messages with the main FOIA Public Liaison contact number, requesting a call with Joseph Bender, but has been unable to speak with Mr. Bender.

27. Plaintiff has exhausted his administrative remedies concerning the 2019 Request.

## **COUNT I - FAILURE TO COMPLY WITH FOIA**

28. Plaintiff incorporates each of the foregoing paragraphs of this Complaint.

29. Pursuant to FOIA, 5 U.S.C. § 552(a), Plaintiff has a statutory right to access the requested agency records.

30. Plaintiff properly requested records from the FBI.

31. The FBI has failed to comply with the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

32. Additionally, the FBI has improperly withheld agency records responsive to Plaintiff's FOIA requests.

33. Plaintiff is entitled to injunctive relief to enjoin the FBI from withholding the requested records and order the FBI to produce those records to Plaintiff in accordance with FOIA, 5 U.S.C. § 552.

## COUNT II – VIOLATION OF FOIA

34. Plaintiff incorporates each of the foregoing paragraphs of this Complaint.

35. Pursuant to FOIA, 5 U.S.C. § 552(a), Plaintiff has a statutory right to access the requested agency records.

36. Plaintiff properly requested records from the FBI.

37. The FBI is required to engage in reasonable efforts to search for requested records.

38. The FBI has failed to adequately review agency records for the purpose of locating responsive records.

39. The FBI's failure to conduct an adequate search for responsive records violates FOIA.

40. Plaintiff is entitled to injunctive relief requiring the FBI to engage in reasonable efforts to search for records responsive to Plaintiff's requests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment for Plaintiff and award the following relief:

a. Enjoin the FBI from withholding the requested records and order the FBI to produce those records to Plaintiff in accordance with FOIA, 5 U.S.C. § 552;

b. Expedite the proceedings in this action;

c. Award Plaintiff his costs and attorney's fees reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

d. Award Plaintiff such other and further relief as the Court may deem just and proper.

DATED this 29th day of January, 2021.

                                                Respectfully submitted,

ROBERTSON, JOHNSON,
MILLER & WILLIAMSON

*/s/ Richard D. Williamson*
Richard D. Williamson, Esq. (SBN 9932)
Jonathan J. Tew, Esq. (SBN 11874)

ROGERS JOSEPH O'DONNELL, P.C.

*/s/ Lisa Norrett Himes*
Lisa Norrett Himes (appearing *pro hac vice*)

*Attorneys for Plaintiff*

8