CHRISTOPHER CHIOU
Acting United States Attorney

GREG ADDINGTON
Nevada State Bar No. 6875
Assistant United States Attorney
Bruce R. Thompson U.S. Courthouse & Fed. Bldg.
400 South Virginia Street, Suite 900
Reno, Nevada  89501
(775) 784-5438
Greg.Addington@usdoj.gov
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY L. BLIXSETH,<br><br>                Plaintiffs,<br><br>   v.<br><br>UNITED STATES FEDERAL BUREAU OF INVESTIGATION,<br><br>                Defendant. | 3:21-cv-067-MMD-CLB<br><br>ANSWER TO COMPLAINT |

Comes now the defendant Federal Bureau of Investigation (FBI), through its undersigned counsel, and answers the complaint as follows:

1. Paragraph one consists of plaintiff's characterization of this action and requires no answer. To the extent paragraph one alleges defendant FBI has unlawfully withheld documents, defendant denies the allegation.

2. Defendant FBI admits it received communications from plaintiff in June 2018 and in July 2019 purporting to be requests for agency materials under the Freedom of Information Act (FOIA). Defendant lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph two and, on that basis, denies the remaining allegations of paragraph two.

1

3. Denies the allegations of paragraph three.

4. Lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph four.

5. Admits the allegations of paragraph five.

6. Admits this Court has jurisdiction to award relief authorized by FOIA.

7. Lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph seven.

8. Admits plaintiff, through his representative, submitted a FOIA request to FBI dated June 2018 and Exhibit 1 to the complaint appears to be a copy of that request. Defendant refers to that request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

9. Admits it communicated with plaintiff's representative regarding the June 2018 FOIA request and Exhibit 2 to the complaint appears to be multiple copies of correspondence between FBI and plaintiff's representative. Defendant refers to the correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

10. Admits plaintiff, through his representative, communicated with FBI regarding the June 2018 FOIA request and Exhibit 3 to the complaint appears to be a copy of correspondence between FBI and plaintiff's representative. Defendant refers to that exhibit for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

11. Admits it communicated with plaintiff's representative regarding the June 2018 FOIA request and Exhibit 4 to the complaint appears to be a copy of correspondence between FBI and plaintiff's representative. Defendant refers to that exhibit for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

12. Lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph twelve and, on that basis, denies the allegations of paragraph twelve.

13. Lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph thirteen and, on that basis, denies the allegations of paragraph thirteen.

14. Lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph fourteen and, on that basis, denies the allegations of paragraph fourteen.

15. Lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph fifteen and, on that basis, denies the allegations of paragraph fifteen.

16. Admits a *Vaughn* index was produced by another agency in other FOIA litigation initiated by plaintiff in U.S. District Court for the District of Columbia and Exhibit 8 to the complaint appears to be a copy of a *Vaughn* index. Defendant refers to that exhibit for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

17. Denies the allegations of paragraph seventeen.

18. Admits plaintiff, through his representative, submitted a FOIA to FBI dated July 2019 and Exhibit 9 to the complaint appears to be a copy of that request. Defendant refers to that request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

19. Admits it communicated with plaintiff's representative regarding the July 2019 FOIA request and Exhibit 10 to the complaint appears to be a copy of correspondence between FBI and plaintiff's representative. Defendant refers to that exhibit for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

20. Admits it communicated with plaintiff's representative regarding the July 2019 FOIA request and Exhibit 11 to the complaint appears to be a copy of correspondence between FBI and plaintiff's representative. Defendant refers to that exhibit for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

21. Admits plaintiff, through his representative, initiated an administrative appeal regarding the 2019 FOIA request and Exhibit 12 to the complaint appears to be a copy of correspondence regarding that appeal. Defendant refers to that exhibit for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

22. Admits it appears that the Office of Information Policy (OIP) in the Department of Justice (DOJ) communicated with plaintiff's representative regarding the administrative appeal initiated by plaintiff regarding the July 2019 FOIA request and Exhibit 13 to the complaint appears to be a copy of correspondence between DOJ-OIP and plaintiff's representative. Defendant refers to that exhibit for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

23. Lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph twenty-three.

24. Lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph twenty-four.

25. Lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph twenty-five.

26. Lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph twenty-six.

27. The allegations of paragraph twenty-seven contain conclusions of law to which no response is required. To the extent a response is required, defendant denies the allegations.

28. Defendant incorporates its prior responses as if set forth herein.

29. Paragraph twenty-nine does not contain factual allegations but conclusions of law to which no response is required. Defendant refers to the provisions of FOIA for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

30. Admits plaintiff requested records from FBI. Denies the remaining allegations of paragraph thirty.

31. Admits it has not yet produced records in response to one part of one of plaintiff's FOIA requests (FOIA request number 1409744-000) in compliance with the time limits prescribed by FOIA. Denies the remaining allegations of paragraph thirty-one.

32. Denies the allegations of paragraph thirty-two.

33. Denies the allegations of paragraph thirty-three.

34. Defendant incorporates its prior responses as if set forth herein.

35. Paragraph thirty-five does not contain factual allegations but conclusions of law to which no response is required. Defendant refers to the provisions of FOIA for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

36. Admits plaintiff requested records from FBI. Denies the remaining allegations of paragraph thirty-six.

37. The allegations of paragraph thirty-seven contain conclusions of law to which no response is required. To the extent a response is required, defendant denies the allegations.

38. Denies the allegations of paragraph thirty-seven.

39. Denies the allegations of paragraph thirty-eight.

40. Denies the allegations of paragraph thirty-nine.

41. Denies the allegations of paragraph forty.

41. Deny all factual allegations not heretofore expressly admitted.

AS A FIRST AFFIRMATIVE DEFENSE, defendant avers the complaint fails to state a claim upon which relief may be granted.

AS A SECOND AFFIRMATIVE DEFENSE, defendant avers plaintiff is not entitled to information protected from disclosure by one or more exemptions to FOIA.

AS A THIRD AFFIRMATIVE DEFENSE, defendant avers the court lacks subject matter jurisdiction to award relief that exceeds that authorized by FOIA.

AS A FOURTH AFFIRMATIVE DEFENSE, defendant avers plaintiff is not entitled to any award of attorney's fees.

AS A FIFTH AFFIRMATIVE DEFENSE, defendant avers it has conducted adequate searches in response to the described FOIA requests or otherwise is in the process of completing searches and releases of non-exempt responsive records or segregable portions thereof.

The remainder of plaintiff's complaint consists of plaintiff's prayer for relief to which no response is required. Defendant denies plaintiff is entitled to any relief.

WHEREFORE, defendant prays for judgment as follows:

1. That this action be dismissed with prejudice,

2. That plaintiff take nothing in this action,

3. That judgment be entered in favor of the defendant as to all claims,

4. For such other relief in favor of defendant as may be proper.

    Respectfully submitted,

    CHRISTOPHER CHIOU
    Acting United States Attorney

    _/s/ Greg Addington_
    GREG ADDINGTON
    Assistant United States Attorney

CERTIFICATE OF SERVICE

    I hereby certify that service of the foregoing ANSWER TO COMPLAINT was made through the Court's CM/ECF filing/service system on all counsel of record on March 4, 2021.

          /s/ Greg Addington
        GREG ADDINGTON